UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

NO. 5:16-cv-00444-JMH-EBA

JASON LUTHER BOCOOK,                                                                                              PLAINTIFF,

v.                                **RECOMMENDED DISPOSITION**

MONTGOMERY COUNTY
REGIONAL JAIL, ERIC JONES, *Jailer,*
and SARAH HARVEY, *Nurse,*                                                                                         DEFENDANTS.

 

      This matter comes before the Court upon Defendants' Joint Motion to Dismiss. [R. 51]. Having considered the matters fully, and being otherwise sufficiently advised, the undersigned will recommend Defendants' Joint Motion to Dismiss [R. 51] be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

      On December 5, 2016, *pro se* Plaintiff filed a Complaint [R. 1], pursuant to 42 U.S.C. § 1983, alleging his civil rights were violated while he was an inmate at the Montgomery County Regional Jail. [R. 1]. Since filing Plaintiff's Complaint [R. 1], aside from Plaintiff's Motion for Leave to Proceed in Forma Pauperis [R. 5] and Motion to Appoint Counsel [R. 12], the only motions Plaintiff has filed are two motions to postpone any judgment due to Plaintiff's incarceration [R. 16; R. 26]. Both motions to postpone judgment were denied. [R. 20; R. 37].

      On December 14, 2017, the undersigned directed the Parties to prepare and submit proposed scheduling and discovery plans by January 4, 2018. [R. 44]. On December 18, 2017, Plaintiff filed a letter notifying the Court that his address has changed to the Burns Brady Center, 1000 West Market Street, Louisville, KY 40202, and he is no longer incarcerated at the Marion County Detention Center. [R. 45]. Since filing Plaintiff's December 18, 2017 letter [R. 45],

Plaintiff has not filed any further letters or motions in this case. Moreover, Plaintiff failed to file a proposed scheduling and discovery plan as directed.

On January 9, 2018, having only received Defendants' Proposed Scheduling and Discovery Plan [R. 48], the undersigned entered a Scheduling Order [R. 49] setting a fact discovery deadline of May 31, 2018. [R. 49]. On March 28, 2018, Defendants filed a Notice to Take Plaintiff's Deposition [R. 50] on April 20, 2018 and mailed a copy of the Notice [R. 50] to Plaintiff's last known address: Burns Brady Center, 1000 West Market Street, Louisville, KY 40202. Plaintiff failed to appear for his April 20, 2018 deposition. [R. 51, at 2]. Additionally, Plaintiff failed to contact Defendants' counsel to say he could not appear for his deposition. *Id.* (citing [R. 51-3]).

On May 18, 2018, Defendants filed the present Joint Motion to Dismiss [R. 51] arguing dismissal of this action is appropriate because Plaintiff failed to appear for his properly noticed and serviced deposition. [R. 51]. In the alternative, Defendants request Plaintiff's case be dismissed due to his alleged failure to prosecute the case and failure to notify the Court and the Parties of his current address. On May 22, 2018, the undersigned directed Plaintiff to submit a response to Defendants' Joint Motion to Dismiss [R. 51] "addressing the matters therein and whether the motion should be granted." [R. 52]. However, Plaintiff has failed to respond as directed.

## **DISCUSSION**

Due to Plaintiff's failure to appear for his own deposition, Defendants requests the Court dismiss this case pursuant to Federal Rule of Civil Procedure 37. [R. 51, at 2 (citing Fed. R. Civ. P. 37(d)(1)(A)(i)]. Pursuant to Rule 37(d)(1)(A)(i), the Court "may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "Sanctions may include any of the orders listed in Rule

37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(d)(3). Those sanctions include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Additionally, "Fed. R. Civ. P. 41(b) . . . permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order." *Rogers v. City of Warren,* 302 F. App'x 371, 375 (6th Cir. 2008). Furthermore, the Court may dismiss an action for failure to prosecute because the Court has the "inherent power to 'protect [ ] the due and orderly administration of justice, and . . . maintain [ ] the authority and dignity of the court . . . .'" *Id.* (citing *Bowles v. City of Cleveland,* 129 F. App'x. 239, 241 (6th Cir. 2005)).

Defendants argue, "Given the fact that Plaintiff failed to appear for his properly noticed and served deposition, dismissal of this action is appropriate." [R. 51, at 2]. The undersigned agrees and finds that Plaintiff's conduct in this case warrants dismissal under Rules 37(b) and 41(b). No other sanction would appropriately address Plaintiff's failure to appear for his deposition because, as Plaintiff has demonstrated by failing to respond to both the Court's December 14, 2017 Order [R. 44] and the present Joint Motion to Dismiss [R. 51] as directed, Plaintiff will not follow the Court's orders.

Additionally, an order directing Plaintiff to show cause why this case should not be dismissed would be futile because Plaintiff has shown he will not respond when ordered to do so. Moreover, the Court's May 22, 2018 Order [R. 52] directing Plaintiff to submit a response to Defendants' Joint Motion to Dismiss [R. 51] "addressing the matters therein and whether the motion should be granted" served the same purpose as a show cause order, and Plaintiff failed to respond. [R. 52]. Specifically, both the Court's Order [R. 52] and a show cause order ask a plaintiff to explain why their case should not be dismissed, so a show cause order would be redundant and would in all likelihood go unanswered. While it may be that Plaintiff's failure to file a response as

3

directed is due to Plaintiff no longer being at the address he previously provided, it is Plaintiff's obligation to provide the Court his current address, and Plaintiff's failure to do so shows he is uninterested in pursuing this action. Therefore, the undersigned will recommend Defendants' Joint Motion to Dismiss [R. 52] be granted.

Furthermore, the undersigned will recommend Plaintiff's action be dismissed with prejudice due to Plaintiff's "willfulness and fault in failing to engage in discovery and [his] unwillingness to prosecute the action in the normal fashion." *Sweet v. Life Care,* 2012 WL 5830595, at 2 (M.D. Tenn. Oct. 16, 2012). While Plaintiff initially asserted a need to postpone the current proceedings until he was released from incarceration, on December 18, 2017, Plaintiff informed the Court he is no longer incarcerated [R. 45], yet Plaintiff has since failed to prosecute this case. The May 31, 2018 fact discovery deadline and June 29, 2018 expert witness reports and disclosures deadline have passed [R. 49], and Plaintiff's failure to appear for his deposition halts Defendants' discovery efforts. In sum, Plaintiff's conduct has resulted in this case coming to a standstill that leaves Defendants unable to proceed in this action. Therefore, dismissal with prejudice is appropriate.

## **RECOMMENDATION**

Having considered the matter fully, the undersigned RECOMMENDS that Plaintiff's claim be DISMISSED WITH PREJUDICE.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 28 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.,* 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909,

912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 5th day of July, 2018.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge